UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MIGUEL CAMPANO,

    Plaintiff,

v.                                                              Civil Action No. 2:21-cv-01317-JMY

THE KITCHENS INC. D/B/A FORKABLE; NICK
NACZINSKI (CEO),

    Defendants.                                            /

## DEFENDANT THE KITCHENS INC. D/B/A FORKABLE AND NICK NACZINSKI'S REPLY TO PLAINTIFF'S OPPOSITION TO AMENDED MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

    Defendants, The Kitchens Inc. d/b/a Forkable and Nick Naczinski, by and through their counsel of record, hereby submits their Reply to Plaintiff's Opposition to Defendants' Amended Motion to Compel Arbitration and Stay Proceedings. As set forth in Defendants' Memorandum of Law, incorporated herein, Defendants' Amended Motion to Compel Arbitration and Stay Proceedings should be granted.

                                                                       Respectfully submitted,

                                                                      /s/ *Donald N. David*
                                                                      Donald N. David
                                                                      AKERMAN LLP
                                                                      Pennsylvania Bar No.
                                                                      Donald.david@akerman.com
                                                                      1251 Avenue of the Americas, 37th Floor
                                                                      New York, New York 10020
                                                                      Telephone: (212) 880-3856
                                                                      Facsimile:  (212) 905-6410

Dated: June 1, 2021

                                                                      *Attorney for Defendants The Kitchens*
                                                                      *Inc. d/b/a Forkable and Nick Naczinski*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MIGUEL CAMPANO,

    Plaintiff,

v.                                                Civil Action No. 2:21-cv-01317-JMY

THE KITCHENS INC. D/B/A FORKABLE; NICK
NACZINSKI (CEO),

    Defendants.                               /

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' AMENDED MOTION TO COMPEL ARBITRATION AND STAY THE PROCEEDINGS**

On the Brief:

/s/ *Donald N. David*
Donald N. David
AKERMAN LLP
Pennsylvania Bar No.
Donald.david@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3856
Facsimile:  (212) 905-6410
*Attorney for Defendants The Kitchens*
*Inc. d/b/a Forkable and Nick Naczinski*

Defendants The Kitchens Inc. d/b/a Forkable and Nick Naczinski ("Defendants"), by and through their counsel of record, hereby files the following Reply to Plaintiff's Opposition to Defendants' Amended Motion to Compel Arbitration and Stay the Proceedings.

## I.  INTRODUCTION

On May 11, 2021, Defendants filed their Amended Motion to Compel Arbitration and Stay the Proceedings (the "Motion"). Plaintiff filed his Opposition to the Motion (the "Opposition") thirteen days later in which the Plaintiff generally asserted the following two claims: (1) California law should apply; and (2) the Independent Contractor Agreement signed by the Plaintiff and Defendants (the "Agreement") is unconscionable under California law and therefore the Arbitration Clause under ¶ 6.1 of the Agreement (the "Arbitration Clause") should not be enforced.  However, for the reasons set forth below, the Opposition filed by the Plaintiff is both procedurally and legally deficient. As the Plaintiff has failed to plead sufficient facts that would lead to a conclusion that the Agreement was unconscionable, this Court should grant the Defendants' Motion and compel this matter to arbitration.

## II.  ARGUMENT

**A.     California Law Should Apply**

For the purposes of the Motion, the Defendants do not dispute that the issue of arbitration should be governed by and construed in accordance with the laws of the State of California. Therefore, Defendants do not address Plaintiff's first claim in this Reply.  Defendants do not concede that California law applies to some or all of the remaining issues still to be litigated in this matter.

**B.      The Arbitration Clause Contained In The Agreement Is Not Unconscionable Under California Law And Therefore, The Arbitration Clause Should Be Enforced.**

The Arbitration Clause contained in the agreement is not unconscionable under California law, and Plaintiff has failed to plead sufficient facts that would lead to any other conclusion. In his Opposition, Plaintiff correctly asserts that to find an agreement unconscionable, a party must satisfy both a procedural and substantive element. *See* Exhibit A, II(b)(i). However, the Plaintiff never again addresses the substantive element anywhere in the Opposition, making the Opposition itself deficient. Further, the Plaintiff's attempt to analogize the instant matter to the caselaw cited in the Opposition falls flat, making the Plaintiff's attempt to characterize the Agreement as procedurally unconscionable legally and factually deficient.

**1.      Plaintiff Fails To Address The Substantive Requirement In His Opposition**

In his Opposition, the Plaintiff cites to *Samaniego v. Empire Today LLC,* 205 Cal.App.4th 1138 (2012) and states: "Unconscionability has both a 'procedural' and a substantive' element . . . [t]he substantive element concerns whether a contractual provision reallocates risks in an objectively unreasonable or unexpected manner . . . [a] sliding scale is applied so that the more substantively oppressive the contract terms, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *See* Exhibit A, II(b)(i).

However, while a sliding scale may be applied to an analysis of unconscionability, "both procedural and substantive unconscionability must be present before a contract or term will be deemed unconscionable." *Serafin v. Balco Properties Ltd., LLC*, 235 Cal.App.4th 165 (2015). The burden is on the Plaintiff, as the party challenging the arbitration agreement, to prove both procedural and substantive unconscionability. *Id.*

After citing the applicable standard required to prove the Agreement is unconscionable, the Plaintiff makes no effort to prove the Agreement is substantively unconscionable. Indeed, there is no mention of a substantive analysis having been conducted anywhere in the Opposition. As the Plaintiff is required to prove both procedural and substantive unconscionability, and having not even attempted to prove substantive unconscionability, the Plaintiff's claim that the Agreement is unconscionable fails as a matter of law.

### 2. Plaintiff Cannot Establish Procedural Element Required For The Agreement To Be Considered Unconscionable

The Plaintiff asserts that the Agreement was procedurally unconscionable, specifically because: (1) Plaintiff was told he was required to sign the Agreement in order to begin work with the Defendants; (2) the Defendants failed to attach the relevant arbitration rules to the Agreement; and (3) the Arbitration Clause was "hidden" from the Plaintiff within the Agreement.  The Defendants deny each of the Plaintiff's assertions and provide the following in support:

#### (i) Plaintiff Was Told He Was Required To Sign The Agreement

The Plaintiff's Opposition did not include an affidavit or declaration from the Plaintiff validating the claim that the Plaintiff "was told he was required to sign the Agreement in order to begin work with the Defendants." *See* Exhibit A, II(b)(ii). However, even if taken as true, the Agreement is still not procedurally unconscionable under California law.

The Plaintiff implies that the Agreement is an adhesion contract that was offered to the Plaintiff on a "take-it-or-leave-it" basis. *See Serafin,* 235 Cal.App.4th 165, 179 (2015). The fact that an Arbitration Clause is part of an adhesion contract does not render it automatically unenforceable as unconscionable. *See Id.* Indeed, California courts have consistently agreed that a compulsory pre-dispute arbitration agreement is not rendered unenforceable just because it is

3

required as a condition of employment or offered on a take-it-or-leave-it basis. *See Lagatree v. Luce, Forward, Hamilton & Scripps,* 74 Cal.App.4th 1105, 1127 (1999); *Graham v. Scissor-Tail, Inc.,* 28 Cal. 3d 807, 817 (1981); *Giuliano v. Inland Empire Personnel, Inc.,* 149 Cal.App.4th 1276, 1292 (2007).

The Plaintiff makes no effort to support his position that requiring a signature of the Agreement was per se oppressive. The Plaintiff merely states that the Defendants required Plaintiff to sign the Agreement in order to begin work with Defendants, which California courts widely accept. "In fact, where the arbitration provisions presented in a contract of adhesion are highlighted for the employee, any procedural unconscionability is 'limited'." *Serafin,* 235 Cal.App.4th 165, 179 (2015). Further, the Plaintiff makes no assertion through pleadings or evidence that he attempted to negotiate any part of the Agreement. More simply put, oppression is not present merely because the Plaintiff was required to sign the Agreement prior to beginning work.

### (ii) Defendants Failed to Attach The Relevant Arbitration Rules To The Agreement

Plaintiff claims that not attaching the relevant arbitration rules is "oppressive because the signer of the agreement is forced to go to another source to find out the full import of what he or she is about to sign – and must go to that effort prior to signing." *See* Exhibit A, II(b)(ii). However, several California courts have come to the opposite conclusion. In *Lane v. Francis Capital Management LLC,* 224 Cal.App.4th 676, 691 (2014), the Court found that "a failure to attach AAA rules to an arbitration agreement did not render the agreement procedurally unconscionable because the rules were easily accessible on the internet and Plaintiff did not lack means or capacity to retrieve them." *Id.* This is analogous to the instant case as the Agreement contained the address, telephone number, fax number and website of the American Arbitration

Associated and noted that arbitration would be governed under the AAA Arbitration Rules then in effect. *See* Exhibit B, paragraph 6.1. Additionally, the Plaintiff signed the agreement via an electronic signature that was e-mailed to him and returned via the same medium. This shows the Plaintiff clearly had access to the Internet and could have retrieved the rules if desired.

Plaintiff also makes this argument in the wrong capacity. The unconscionability of not providing the relevant rules of arbitration pertains to when the party challenging the agreement is challenging the language in the rules selected or the rules themselves. In *Baltazar v. Forever 21, Inc.,* 62 Cal.4th 1237 (2016) the Supreme Court of California noted:

> [Plaintiff's] argument accordingly might have force if her unconscionability challenge concerned some element of the AAA rules of which she had been unaware when she signed the arbitration agreement. But her challenge to the enforcement of the agreement has nothing to do with the AAA rules; her challenge concerns only matters that were clearly delineated in the agreement she signed. Forever 21's failure to attach the AAA rules therefore does not affect our consideration of Baltazar's claims of unconscionability.

The Plaintiff has made no challenge to any specific rule of arbitration. In fact, the Plaintiff never attempts to explain why arbitration is an improper venue to resolve this dispute. Since the Plaintiff never disputes a specific rule of arbitration, the Defendants alleged failure to provide a copy of the rules is irrelevant.

Further, while not addressed by the Plaintiff, it is important to note that the Arbitration Clause provides that arbitration is governed by the AAA Rules of Arbitration, which have been repeatedly held not to be unconscionable in California. *See Lagatree v. Luce, Forward, Hamilton & Scripps* (1999) 74 Cal App.4th 1105, 1130, citing *Izzi v. Mesquite Country Club* (1986) 186 Cal.App.3d 1309: ("The rules of the American Arbitration Association specified by the clause as governing the resolution of disputes are generally regarded to be neutral and fair. In other words, even if Defendant did have bargaining power superior to that of Plaintiff, the application of the

arbitration clause to this dispute does not engender any unjust advantage to Defendant."). This further degrades Plaintiff's argument that not receiving the relevant arbitration rules constitutes procedural unconscionability.

### (iii) The Arbitration Clause Was "Hidden" From The Plaintiff Within The Agreement.

Lastly, the Plaintiff claims that the Agreement is unconscionable, partly due to the formatting of the Arbitration Clause itself. Specifically, the Plaintiff states: "the arbitration clause in the Agreement was hidden in the middle of five pages of densely worded, single-spaced text printed in small typeface and the arbitration clause did not contain a separate heading nor required a separate initial from the Plaintiff." *See* Exhibit A, II(b)(ii). In support, the Plaintiff once again turns to *Samaniego*, 205 Cal.App.4th 1138 (2012). However, the Plaintiff's analysis is not analogous to the instant matter.

First, it is important to note that the *Samaniego* case itself is not analogous to the instant matter. In *Samaniego*, the Plaintiffs were unable to read English. When the Plaintiffs asked if they could obtain a Spanish translation of the agreement, they were told that none was available. Further, the Plaintiffs in *Samaniego* were never provided a copy of the agreement. The Court in *Samaniego* took all these factors into account when determining whether or not the arbitration agreement in that case was sufficiently conspicuous. *See Id.* at 1145. The Plaintiff in this case is fluent in English and was provided a copy of the Agreement.

Leaving aside the lack of similarity between the *Samaniego* case and the instant one, the Plaintiff's claim that the Arbitration Clause was "hidden" fails. The Agreement is only five pages long and separated into six sections. Further, the "Governing Law and Attorney's Fees" section is a separate paragraph from the rest of the Agreement and the title for the Arbitration Clause is bolded and underlined. *See* Exhibit B, ¶ 6.1. This is clearly different from the agreement in

*Samaniego*, which was "comprised of 11 pages of densely worded, single-spaced text printed in small typeface. The arbitration clause [was] the penultimate of 37 sections which . . . were neither flagged by individual headings nor required to be initialed by the subcontractor." *Id* at 1146.

As the Arbitration Clause was separated from the rest of the Agreement, bolded and underlined, the Plaintiff's claim that the Arbitration Clause was "hidden" is unequivocally false.

### III. CONCLUSION

Even if there was merit to the Plaintiff's claim that the Agreement is procedurally unconscionable, which we strictly contest, the Plaintiff never attempts to prove substantive unconscionability as required by the laws of the State of California. Further, all Plaintiff's efforts to prove procedural unconscionability fail. Therefore, Defendants THE KITCHENS INC. D/B/A FORKABLE and NICK NACZINSKI respectfully request that this Court stay this litigation and compel arbitration and grant it such other and further relief as the Court deems just and proper.

/s/ *Donald N. David*
Donald N. David
AKERMAN LLP
Pennsylvania Bar No.
Donald.david@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3856
Facsimile:  (212) 905-6410

*Attorney for Defendants The Kitchens Inc. d/b/a Forkable and Nick Naczinski*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2021, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, on all counsel or parties of record on the Service List below.

*/s/ Donald N. David*
**Attorney**

## SERVICE LIST

Timothy M. Kolman, Esq.
Sarah A. Biscoe, Esq.
**KOLMAN LAW P.C.**
414 Hulmeville Ave.
Penndel, PA 19047
Telephone: 215-750-3134