# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIGUEL CAMPANO**, | : |
| *Plaintiff* | : Case No.   21-cv-01317-JMY |
| v. | : |
| **THE KITCHENS INC.,** <br> **d/b/a FORKABLE, ET AL.,** | : |
| *Defendants* | : |

## MEMORANDUM

**YOUNGE, J.**                                                                **JUNE 17, 2021**

Before the Court is a Motion to Compel Arbitration and Stay Proceedings filed by Defendants The Kitchens Inc. d/b/a Forkable and Nick Naczinski.  ("Mot.," ECF No. 6.) Defendants move to stay this case pending arbitration, arguing Plaintiff Miguel Campano is subject to a binding and valid arbitration provision.  (*Id*.)  Plaintiff opposes the Motion, asserting that the arbitration provision at issue is unconscionable and therefore unenforceable.  ("Opp.," ECF No. 9-1.)  Defendants' Motion is now ripe for disposition and the Court finds this matter appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons that follow, Defendants' Motion will be granted.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In January 2018, "Plaintiff began working for [Defendant] Forkable, a food delivery startup[.]"  ("Compl.," ECF No. 1 ¶ 14.)  "Plaintiff's position was that of an 'Operations

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

Associate'" . . . in which he "handled day-to-day customer service, as well as other administrative tasks[.]"  (*Id*. ¶¶ 15-16.)  Prior to the start of his employment, "Plaintiff signed an Independent Contractor Agreement [(hereinafter, 'Employment Agreement' or 'Agreement').]" (Opp. at 1.)  The Employment Agreement contains an arbitration provision (hereinafter, "Arbitration Clause"), which provides:

> **Arbitration.**  The parties agree that any claim or dispute between them or against any agent, employee, successor, or assign of the other, whether related to this Agreement or otherwise, and any claim or dispute related to this Agreement or the relationship or duties contemplated under this Agreement, including the validity of this arbitration clause, shall be resolved by binding arbitration by the American Arbitration Association, under the Arbitration Rules then in effect.  Any award of the arbitrator(s) may be entered as a judgment in any court of competent jurisdiction.  Any controversy shall be arbitrated in **San Francisco**, California.  Information may be obtained and claims may be filed at any office of the American Arbitration Association or at Corporate Headquarters, 335 Madison Avenue, Floor 10, New York, New York 10017-4605.  Telephone: 212-716-5800, Fax: 212-716-5905, Website: **www.adr.org**.  This Agreement shall be interpreted under the Federal Arbitration Act.

(*See* ECF No. 6-2 at 5; ECF No. 9-3 at 5) (emphasis in original).

Plaintiff claims that during his tenure with the Defendants, he was willfully misclassified as an independent contractor as opposed to an employee.  (Comp. ¶¶ 43, 49.)  Plaintiff further maintains that during his employment Defendants acted to intentionally discriminate against Plaintiff as a result of his race.  (*Id*. ¶¶ 54-55.)

Based on the forgoing, on March 18, 2021, Plaintiff commenced this action asserting claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., as well as 42 U.S.C. § 1981.  (*See id*. ¶¶ 42-55.)  On May 11, 2021, Defendants filed their Motion to Compel Arbitration and Stay Proceedings.  (*See* Mot.)  On May 24, 2021, Plaintiff filed a

Response in Opposition to Defendants' Motion (*see* Opp.), and on June 1, 2021, Defendants filed a Reply thereto ("Reply," ECF No. 12).

## II. LEGAL STANDARD

In deciding whether a valid arbitration agreement exists between the parties, the Court must first decide whether to apply Federal Rule of Civil Procedure 12(b)(6) or the Rule 56 standard of review. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Court will review a motion to compel arbitration under the Rule 12(b)(6) standard "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause . . .'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citation omitted); *see also Richards v. Am. Acad. Health Sys., LLC*, Civ. No. 20-00059, 2020 WL 2615688, at *3 (E.D. Pa. May 22, 2020). Conversely, the Rule 56 standard will apply "when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774 (internal citations omitted).[2]

Here, there is no dispute that the Employment Agreement contains the Arbitration Clause and that Plaintiff accepted, viewed, and signed the Employment Agreement. (*See* ECF No. 6-2 at 10; ECF No. 9-3 at 10.). Thus, in this Court's view, the arbitrability of Plaintiff's claims are apparent on the face of the complaint because the Complaint here contemplates the nature of the employment relationship between Plaintiff and Defendants that was entered into by virtue of the

---

[2] Neither Defendants nor Plaintiff address the appropriate standard of review in their briefing.

3

Employment Agreement—in other words, the Employment Agreement is integral to the Complaint.  *See Saechow v. Phila. Acad. Health Sys., LLC*, Civ. No. 19-2075, 2021 WL 1210008, at *9 (E.D. Pa. Mar. 31, 2021) ("[A]n arbitration agreement need not be attached to the complaint in order to be 'apparent.'"); *see also Lawson v. City of Phila.*, Civ. No. 18-1912, 2019 WL 934976, at *2 (E.D. Pa. Feb. 25, 2019) ("An arbitration clause may be deemed 'apparent' even when a contract, though not appended to the Complaint, is integral to, and referenced in, the Complaint.") (internal quotation marks and citation omitted).  Furthermore, Plaintiff has not sought limited discovery on the issue of arbitrability.  Although Plaintiff argues that the Arbitration Clause is unconscionable and therefore unenforceable, as discussed in Section III.B *infra*, the Court has concluded that the Arbitration Clause is not unconscionable and instead is a valid and enforceable arbitration agreement under California law.  Accordingly, Plaintiff has failed to set forth reliable, additional evidence sufficient to place the Arbitration Clause at issue.

To conclude, because arbitrability is apparent on the face of the Complaint and because Plaintiff has not responded to the Motion with additional reliable facts sufficient to place the Arbitration Clause in issue, the Court will review the Motion under the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6).  Under this standard, the Court accepts as true all factual allegations in the Complaint and its supporting documents.  *See Guidotti*, 716 F.3d at 776; *see also CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 168 n.2 (3d Cir. 2014) (in applying the 12(b)(6) standard to a motion to compel arbitration, the court "accept[s] as true the factual allegations set forth in the Complaint" and may "consider the substance of the contracts that ostensibly compel arbitration.").

### III. DISCUSSION

#### A. Federal Arbitration Act

The Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "'places arbitration agreements on equal footing with all other contracts.'" *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Pursuant to the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Bacon*, 959 F.3d at 599 (citing FAA, 9 U.S.C. §§ 3, 4). Yet despite the strong presumption of arbitrability, "[a]rbitration is strictly a matter of contract" and is thus governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he [or she] do so.").[3] Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Sanford,* 618 F. App'x at 117 (citing *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014)); *see also Trippe Mfg. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005) ("When determining both the existence and the scope of an arbitration agreement, there is a presumption in favor of arbitrability.").

#### B. The Arbitration Clause is Valid and Enforceable

The Arbitration Clause is valid and enforceable under California law. Under the FAA, the Court must enforce an arbitration agreement that is otherwise valid and enforceable under

---

[3] The "Governing Law" provision of the Employment Agreement states that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to its choice of law principles." (ECF No. 6-2 at 5.) Both Plaintiff and Defendants agree that the issue of arbitration should be governed by California law, thus this Court will apply California law. (*See* Opp. at 2-3; *see also* Reply at 3.)

ordinary contract principles of the relevant state law.  *See China Minmetals Materials Imp. & Expo. Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274, 290 (3d Cir. 2003).  As stated *supra*, the parties do not dispute that California law governs the Employment Agreement.  (*See* Opp. at 2-3; Reply at 3.)  Nor do they dispute the validity of the Employment Agreement or Arbitration Clause.  Rather, Plaintiff argues that the Agreement is unenforceable because it is unconscionable.  (*See* Opp. at 4.)

California has well-developed law governing unconscionability of contracts.  *See Samaniego v. Empire Today LLC*, 205 Cal.App.4th 1138, 1144 (Cal. Ct. App. 2012) ("California law on unconscionability is well established.").  Under California law, a plaintiff must show both procedural and substantive unconscionability in order to void an arbitration provision.  *See id.*  "The procedural element requires oppression or surprise.  Oppression occurs where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form.  The substantive element concerns whether a contractual provision reallocates risks in an objectively unreasonable or unexpected manner.  Under this approach, both the procedural and substantive elements must be met before a contract or term will be deemed unconscionable.  Both, however, need not be present to the same degree.  A sliding scale is applied so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."  *Id.* at 1144-45 (internal quotation marks and citations omitted) (citing *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal.App.4th 816, 821 (Cal. Ct. App. 2010)).  In other words, procedural unconscionability refers to the process by which an agreement is entered into; whereas substantive unconscionability asks whether the provision unreasonably favors the party asserting it.  *See id.*

In his Opposition to the Motion, Plaintiff argues the Employment Agreement and Arbitration Clause are procedurally unconscionable because: (1) "Plaintiff was told he was required to sign the Agreement[,] . . . Plaintiff was not able to negotiate the Agreement with Defendants and he lacked any meaningful choice[;]" (2) "Defendants failed to attach the relevant arbitration rules to the Agreement[;]" and (3) "[T]he Agreement was comprised of five pages of densely worded, single-spaced text printed in small typeface.  The [A]rbitration [C]lause is found on the fourth page and was neither flagged by an individual heading nor required to be initialed by Plaintiff."  (Opp. at 4-5.)  As to substantive unconscionability, Plaintiff fails to assert any argument as to why the Arbitration Clause grossly favors Defendants.

As to Plaintiff's first argument, in which he implies that the Employment Agreement is an adhesion contract (*see* Opp. at 4), the Court notes that, under California law, "the fact that the arbitration agreement is an adhesion contract does not render it automatically unenforceable as unconscionable.  Courts have consistently held that the requirement to enter into an arbitration agreement is not a bar to its enforcement."  *Serafin v. Balco Properties, Ltd.*, LLC, 235 Cal.App.4th 165, 179 (Cal. Ct. App. 2015); *see also Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal.App.4th 1105, 1127 (Cal. Ct. App. 1999) ("[T]he cases uniformly agree that a compulsory pre-dispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis."); *Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 817 (Cal. 1981) (such adhesion contracts are an "inevitable fact of life for all citizens—businesses, and consumer alike"); *Giuliano v. Inland Empire Personnel, Inc.*, 149 Cal.App.4th 1276, 1292 (Cal. Ct. App. 2007) ("[T]he compulsory nature of a pre-dispute arbitration agreement does not render the agreement unenforceable on grounds of coercion or for lack of voluntariness.").  Thus, the Court concludes that requiring Plaintiff's

signature prior to the start of work was not *per se* oppressive and does not render the Agreement procedurally unconscionable.

As to Plaintiff's second argument, in which he asserts that failure to attach the relevant arbitration rules is oppressive (*see* Opp. at 4-5), the Court's research reveals that several California courts have come to the opposite conclusion. For example, in *Lane v. Francis Capital Management LLC*, 224 Cal.App.4th 676, 691 (Cal. Ct. App. 2014), the Court found that a "failure to attach a copy of the AAA rules did not render the agreement procedurally unconscionable." *Id*; *see also Peng v. First Republic Bank*, 219 Cal.App.4th 1462, 1472 (Cal. Ct. App. 2013) ("[F]ailure to attach the AAA rules . . . is insufficient grounds to support a finding of procedural unconscionability."). The *Lane* Court reasoned that "[t]here could be no surprise, as the arbitration rules referenced in the agreement were easily accessible to the parties—the AAA rules are available on the Internet." *Lane*, 224 Cal.App.4th at 691-92. The Court finds the instant case analogous to *Lane*. Here the Employment Agreement contains the address, telephone number, fax number, and website of the American Arbitration Association and notes that the arbitration would be governed under the AAA Arbitration Rules. (*See* ECF No. 6-2 at 5; ECF No. 9-3 at 5.) Thus, the Court concludes that failure to include a copy of the relevant arbitration rules was also not *per se* oppressive and does not render the Agreement procedurally unconscionable.

As to Plaintiff's third argument, the Court disagrees with Plaintiff's assertion that the Arbitration Clause was "hidden in the middle of five pages" and therefore unconscionable. Plaintiff cites to *Samaniego*, 205 Cal.App.4th at 1144, which, in Plaintiff's words, held that the "subcontractor agreement was procedurally unconscionable because it was comprised of eleven pages of densely worded, single-spaced text printed in small typeface and the arbitration clause

was neither flagged by individual headings nor required to be initialed by plaintiffs." (Opp. at 5.) However, in this Court's view, *Samaniego* is not analogous. In *Samaniego*, the plaintiffs were unable to read English. *Samaniego*, 205 Cal.App.4th at 1142. When the plaintiffs there asked if they could obtain a Spanish translation of the agreement, they were told that none was available. *Id*. at 1145. Further, the plaintiffs were never provided a copy of the agreement. *Id*. The *Samaniego* Court took all of these factors into account when determining whether or not the arbitration agreement was sufficiently conspicuous. *Id*. at 1145-46. Here, the Plaintiff is fluent in English and was provided a copy of the Agreement. Moreover, a review of the Agreement reveals that the Arbitration Clause was not in fact "hidden" therein. Rather, the Agreement is only five pages long and is separated into six distinct sections, is in a regular typeface font and size, and the Arbitration Clause itself is bolded and underlined. (*See* ECF No. 6-2 at 5; ECF No. 9-3 at 5.) Accordingly, the Court finds the Arbitration Clause is sufficiently conspicuous.

In summary, it is Plaintiff's burden to prove *both* procedural and substantive unconscionability, *see Samaniego*, 205 Cal.App.4th at 1144, and here Plaintiff has failed to demonstrate either requirement.

### C. Plaintiff's Claims Fall Within the Scope of the Agreement to Arbitrate

Because the Arbitration Clause is valid and enforceable under California law, the final inquiry in resolving the Motion is whether Plaintiff's claims fall within the scope of that provision. *See Flintkote Co*., 769 F.3d at 220; *see also Trippe Mfg*., 401 F.3d at 532. Here, the Court finds that the Arbitration Clause covers all claims asserted in the Complaint. The Arbitration Clause provides that: "The parties agree that any claim or dispute between them . . . and any claim or dispute related to this Agreement or the relationship or duties contemplated under this Agreement . . . shall be resolved by binding arbitration[.]" (*See* ECF No. 6-2 at 5;

ECF No. 9-3 at 5.)  This language clearly indicates the parties' intent to arbitrate "any claim or dispute" that could arise from the Agreement.  Accordingly, Plaintiff's claims against Defendants in the Complaint are subject to the valid and enforceable Arbitration Clause, and the Court will compel arbitration of Plaintiff's claims.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' Motion to Compel Arbitration and Stay Proceedings.  This case will be stayed pending the outcome of arbitration.  An appropriate Order will follow.


**IT IS SO ORDERED.**


                                             **BY THE COURT:**

                                             */s/ John Milton Younge*
                                             **Judge John Milton Younge**